SUFFOLK COUNTY CIVIL
Docket Report

### 2584CV01163 RODRIGUEZ, ANGELIMARLY vs. FIVE BELOW, INC.

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Business Litigation | **FILE DATE:** | 04/30/2025 |
| **ACTION CODE:** | BH2 | **CASE TRACK:** | B - Special Track (BLS) |
| **DESCRIPTION:** | Complex Unfair Trade Practices | | |
| **CASE DISPOSITION DATE:** | 06/06/2025 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 06/06/2025 |
| **CASE JUDGE:** | | **CASE SESSION:** | Business Litigation 1 |

### PARTIES

**Plaintiff**
RODRIGUEZ, ANGELIMARLY

| | |
|---|---|
| **Attorney** | 196530 |

David S Godkin
Birnbaum and Godkin, LLP
Birnbaum and Godkin, LLP
1 Marina Park Drive
Suite 1410
Boston, MA 02210
Work Phone (617) 307-6100
Added Date: 04/30/2025

| | |
|---|---|
| **Attorney** | 670827 |

James E Kruzer
Birnbaum and Godkin, LLP
Birnbaum and Godkin, LLP
1 Marina Park Drive Suite 1410
Boston, MA 02210
Work Phone (617) 307-6100
Added Date: 04/30/2025

**Defendant**
FIVE BELOW, INC.

| | |
|---|---|
| **Attorney** | 704360 |

Keri L Engelman
Morgan, Lewis and Bockius LLP
Morgan, Lewis and Bockius LLP
One Federal St
Boston, MA 02110
Work Phone (617) 341-7828
Added Date: 06/05/2025

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 04/30/2025 | Civil Filing Fee (per Plaintiff) Receipt: 48019 Date: 04/30/2025 | 240.00 | 240.00 | 0.00 | 0.00 |
| 04/30/2025 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 48019 Date: 04/30/2025 | 20.00 | 20.00 | 0.00 | 0.00 |
| 04/30/2025 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 48019 Date: 04/30/2025 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |

SUFFOLK COUNTY CIVIL
Docket Report



| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 04/30/2025 | 1 | Complaint electronically filed. | |
| 04/30/2025 | 2 | Civil action cover sheet filed. | |
| 05/01/2025 | 3 | General correspondence regarding Notice of Acceptance into Business Litigation Session<br>Accepted into BLS1<br>(Dated 4/30/2025) Notice sent 5/1/2025 | Salinger |
| 05/05/2025 | | EDocument sent:<br><br>Notice to Appear was generated and sent to:<br>Plaintiff: James E Kruzer, Esq. kruzer@birnbaumgodkin.com<br>Plaintiff: David S Godkin, Esq. godkin@birnbaumgodkin.com<br>Sent On: 05/05/2025 12:22:09 | |
| 05/06/2025 | 4 | ORDER: Scheduling Order<br>See paper #4<br>dated (4/30/25)  Notice sent 5/08/2025. | Krupp |
| 05/23/2025 | 5 | Service Returned for<br><br>Applies To: FIVE BELOW, INC. (Defendant) | |
| 06/05/2025 | | Attorney appearance<br>On this date Keri L Engelman, Esq. added for Defendant FIVE BELOW, INC. | |
| 06/05/2025 | 6 | Defendant FIVE BELOW, INC.'s Notice of<br>Filing of Notice of Removal | |
| 06/06/2025 | | REMOVED to the U.S. District Court<br>of Massachusetts (US Dist# 25-cv-11637) | |
| 06/06/2025 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
06/09/2025 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk

ER

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
Civil Action No.: 25 - 1163

|  |  |
|---|---|
| Angelimarly Rodriguez, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Five Below, Inc., | |
| Defendant. | |

Plaintiff Angelimarly Rodriguez ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Five Below, Inc. ("Defendant" or "Five Below").

## NATURE OF THE ACTION

1.    Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2.    Despite this abundantly clear mandate, Defendant does not provide such written notice of rights in its Massachusetts job applications.

3.    Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4.    Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions,

1

providing that a civil action may be brought by a person "in his own name and on his own

behalf, or for himself and, for other [sic] similarly situated."

5.     Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action,

on behalf of herself and those similarly situated, to redress Defendant's violations of Mass. Gen.

Laws ch. 149, § 19B(2)(b).

## PARTIES

6.     Plaintiff Angelimarly Rodriguez is a citizen of Massachusetts who resides in

Townsend, Massachusetts.  In or around October 2022, while located in Massachusetts, Plaintiff

applied to work as a Seasonal Sales Associate at Defendant's store in Leominster, Massachusetts.

However, in her Five Below Massachusetts-based job application, Plaintiff was not provided the

notice of her rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149,

§ 19B(2)(b).

7.     Defendant Five Below, Inc. is a Pennsylvania corporation with its principal place

of business at 701 Market Street, Suite 300, Philadelphia, Pennsylvania 19106. Defendant operates

throughout and employs a significant number of residents in Massachusetts.  Defendant targets its

job applications at prospective employees whom it knows to reside in Massachusetts.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to Mass. Gen. Laws ch. 212,

§§ 3 and 4 because this is a civil action where the aggregate claims of all members of the

proposed class are in excess of $50,000, exclusive of interest and costs.

9.     The Court has personal jurisdiction over Defendant pursuant to Mass. Gen. Laws

ch. 223A § 3(a), (b), and (e) because Defendant regularly transacts business in the

Commonwealth, Defendant contracts to supply services or things in the Commonwealth, and

Defendant has an interest in, uses, and possesses real property in the Commonwealth.

10.     Venue is proper in the Business Litigation Session ("BLS"), pursuant to Superior Court Administrative Directive No. 24-1, because this case is complex and is brought as a class action which will require substantial case management.

## FACTUAL ALLEGATIONS

11.     On December 16, 1985,[1] Massachusetts enacted 1985 Mass. Acts Chapter 587,[2] introduced as HB 6908[3] and codified at Mass. Gen. Laws ch. 149, § 19B.

12.     Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

13.     In plain violation of the law, Defendant does not provide such written notice of rights in its applications for Five Below Massachusetts-based jobs.

14.     Indeed, searches for the terms "lie detector" and/or "condition of employment" on Defendant's websites listing job openings, information, and applications – fivebelow.com/info/careers and fivebelow.wd1.myworkdayjobs.com/fivebelowcareers – yield no results.

15.     Plaintiff's counsel surveyed numerous job applications that Defendant has made publicly available via the *supra* websites. **None** of Defendant's job applications viewed by

---

[1] *See, e.g.,* 1985 Journal of the House of Representatives of the Commonwealth of Massachusetts (https://archives.lib.state.ma.us/handle/2452/796446); 1985 Bill History at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf?sequence=15&isAllowed=y).

[2] https://archives.lib.state.ma.us/handle/2452/40042.

[3] http://archives.lib.state.ma.us/handle/2452/602897.

Plaintiff's counsel complied with Mass. Gen. Laws ch. 149, § 19B(2)(b). *See* Ex. 1-2.[4]

16.     Plaintiff and Class members were aggrieved because they were bona-fide applicants for jobs with Defendant, and Defendant deprived them of their statutorily guaranteed right to the notice provided for by Mass. Gen. Laws ch. 149, § 19B(2)(b).

## CLASS REPRESENTATION ALLEGATIONS

17.     Plaintiff seeks to represent a class defined as

> All persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").

18.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

19.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

20.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff applied for Massachusetts-based employment with Defendant. In her application

---

[4] Ex. 1 pertains to Job ID JR59000 (available at https://fivebelow.wd1.myworkdayjobs.com/en-US/fivebelowcareers/job/Sales-Associate-8300-S-Attleboro--MA-02703_JR59000). Ex. 2 pertains to Job ID JR60334 (available at https://fivebelow.wd1.myworkdayjobs.com/en-US/fivebelowcareers/job/Part-Time-Support-Lead_JR60334).

Date Filed 4/30/2025 11:03 AM
Superior Court - Suffolk
Docket Number

for employment with Defendant, Plaintiff – like the rest of the Class – was not furnished the notice of rights that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

21.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

22.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>COUNT I</u>
**Declaratory and Injunctive Relief**

23.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

24.     Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

25.     Plaintiff asks this court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

## COUNT II
### Violation of M.G.L.A. 149, § 19B(2)(b)

26.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

27.     Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

28.     Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

29.     Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

## RELIEF DEMANDED

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

    b.    For an order declaring that Defendant's conduct violates the statute referenced herein;

    c.    For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: April 30, 2025                  Respectfully submitted,

**BIRNBAUM & GODKIN, LLP**

By: */s/ David S. Godkin*
David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
1 Marina Park Drive, Suite 1410
Boston, MA 02210
Telephone: (617) 307-6100
Email: godkin@birnbaumgodkin.com
          kruzer@birnbaumgodkin.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Matthew A. Girardi*
Julian C. Diamond*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
          mgirardi@bursor.com
          jdiamond@bursor.com

*Attorneys for Plaintiff*

*\*Pro Hac Vice application forthcoming*

I HEREBY ATTEST AND CERTIFY ON
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
    John E. Powers, III
    Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
          Asst. Clerk

# EXHIBIT 1



Sign In

Search for Jobs    Introduce Yourself



# Sales Associate-8300 S Attleboro, MA 02703

**Apply**

📍 Attleboro, MA 02703

🗂 Part time

🕐 Posted 30+ Days Ago

📄 JR59000

At Five Below our growth is a result of the people who embrace our purpose: We know life is way better when you are free to Let Go & Have Fun in an amazing experience, filled with unlimited possibilities, priced so low, you can always say yes to the newest, coolest stuff! Just ask any of our over 20,000 associates who work at Five Below and they'll tell you there's no other place like it. It all starts with our purpose and then, The Five Below Way, which is our values and behaviors that each and every associate believes in.

It's all about culture at Five Below, making this a place that can inspire you as much as you inspire us with big ideas, super energy, passion, and the ability to make the workplace a WOWplace!

## RESPONSIBILITIES

- Greet and assist customers promptly: Approach and acknowledge customers immediately, providing assistance and handling multiple customers efficiently.
- Understand and meet customer needs: Assess customer needs by sharing product knowledge, answering questions, directing them to merchandise, and offering recommendations. Engage in suggestive selling while staying informed on product availability.
- Promote store events and promotions: Inform customers about current store events, promotions, and special activities to enhance their shopping experience and drive sales.
- Resolve customer concerns: Address customer issues and use product knowledge to offer alternative solutions, aiming to turn returns into exchanges when possible.
- Communicate needs to management: Regularly inform management about merchandise restocking, service requirements, and any customer feedback in a timely manner.

organization and company goals. Collaborates with the team to achieve overall stage and company objectives, contributing to a positive and productive work environment.

## QUALIFICATIONS

- At least 16 years old
- Available to work a flexible schedule
- Comfortable with or willing to learn technology (such as cash registers, hand-held and mobile devices)
- Good communicator with the ability to engage with customers
- Able to handle customer interactions and potential issues/concerns courteously and professionally
- Use basic information-gathering skills to solve problems
- Ability to learn procedural knowledge acquired through on- the-job training

## ESSENTIAL JOB FUNCTIONS

- Frequently operate cash register
- Frequently move merchandise weighing up to 25 lbs and places/removes merchandise up to a height of 5-10 feet
- Frequently ascend/descend ladders in order to retrieve and put away stock
- Frequently position self to kneel, bend, twist, and stoop, including in the stock room and on the sales floor
- Frequently communicate and exchange information with customers on the telephone and face-to-face in the store, as well as with managers and coworkers. Must be able to exchange accurate information in these situations
- Frequently move across the sales floor assisting customers, as well as to and from the stock room retrieving and putting away merchandise
- Ability to work a flexible schedule to meet the needs of the business, which will require day, evening, weekends and may include overnight shifts and travel (as required)
- Must be able to identify and discern email and print instructions regarding merchandise layouts, associate schedules, and standard operating procedures
- Must be able to remain in a stationary, upright position for 80% of the time

If you like wild growth and working with happy, enthusiastic over-achievers, you'll enjoy your career with us!

Five Below is an Equal Opportunity Employer.

## Position Type:

Hourly

BE AWARE OF FRAUD! Please be aware of potentially fraudulent job postings or suspicious recruiter activity by persons that are posing as a Five Below recruiters. Please confirm that the person you are working with has an @ fivebelow.com email address. Additionally, Five Below does NOT request financial information or payments from candidates at any point during the hiring process. If you suspect fraudulent activity, please visit Five Below's Careers Site at www.fivebelow.com/info/careers to verify the posting.

**About Us**

Five Below is a leading high-growth value retailer offering trend-right, high-quality products loved by teens and pre-teens. We believe life is better when customers are free to "let go & have fun" in an amazing experience filled with unlimited possibilities. With most items priced between $1 and $5, and some extreme value items priced beyond $5, Five Below makes it easy to say YES! to the newest, coolest stuff across eight awesome Five Below worlds: Style, Room, Sports, Tech, Create, Party, Candy and New & Now. Founded in 2002 and headquartered in Philadelphia, Pennsylvania, Five Below today has over 1,750 stores in 44 states.

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

five
BEL°W

  Sign In

Search for Jobs    Introduce Yourself

← Back to Job Posting

## Sales Associate-8300 S Attleboro, MA 02703

Create
Account/Sign In

My Information

My Experience

Application
Questions 1 of 2

Application
Questions 2 of 2

Review

## Create Account

Password Requirements:
- A numeric character
- A special character
- A minimum of 8 characters
- A lowercase character
- An uppercase character
- An alphabetic character

**Email Address**

**Password**

**Verify New Password**

The protection of the personal information that we obtain
through our activities is very important to us. We comply
with the highest ethics and integrity standards.

☐   Yes, I have read and accept these terms and
conditions

**Create Account**

Already have an account? Sign In

Forgot your password?

Date Filed 4/30/2025 1:03 PM
Superior Court - Suffolk
Docket Number

   

workday.

© 2025 Workday, Inc. All rights reserved.

**FIVE BELOW**

Search for Jobs        Candidate Home        Job Alerts

← Back to Job Posting

# Sales Associate-8300 S Attleboro, MA 02703

My Information — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

# My Information

* Indicates a required field

**How Did You Hear About Us?** *

| Select One ▾ |

**Are you currently or have you worked for Five Below in the past? If yes, please answer the following questions. If no, continue to the next section.** *

◯ Yes

◯ No

**Country** *

| United States of America ▾ |

## Legal Name

**First Name** *

| |

**Middle Name**

| |

**Last Name** *

| |

**Save and Continue**

Select One

**I have a preferred name**

☐

## Address

**Address Line 1** *

**Address Line 2**

**City** *

**State** *

Select One

**Postal Code** *

## Email Address

yxzwdjnpcsdfcajrbc@ytnhy.com

## Phone

**Phone Device Type** *

Select One

**Country Phone Code** *

✕   United States of America (+1)

**Phone Number** *

Date Filed 4/30/2025 1:58 PM
Superior Court - Suffolk
Docket Number

**Follow Us**

   

workday.

© 2025 Workday, Inc. All rights reserved.

**five BELOW**

Settings

Search for Jobs          Candidate Home          Job Alerts

← Back to Job Posting

## Sales Associate-8300 S Attleboro, MA 02703

My Information        **My Experience**        Application Questions 1        Application Questions 2        Review
of 2                          of 2

# My Experience

\* Indicates a required field

## Work Experience

**Add**

## Resume/CV
Upload a file (5MB max)



**Drop files here**

or select files

## Websites
Add any relevant websites.

**Add**

Back          Save and Continue

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

**five BELOW**

Search for Jobs      Candidate Home      Job Alerts

← Back to Job Posting

# Sales Associate-8300 S Attleboro, MA 02703

My Information — My Experience — **Application Questions 1 of 2** — Application Questions 2 of 2 — Review

## Application Questions 1 of 2

\* Indicates a required field

**Date Available for work:** \*

| MM/DD/YYYY 🗓 |
| --- |

**Do you have any relatives currently employed by our company?** \*

| Select One ▽ |
| --- |

What is your desired Base Salary or Hourly Pay Rate? \*

**Are you a U.S. citizen or a legal alien who is authorized to work in the United States?** \*

| Select One ▽ |
| --- |

**Will you now, or in the future, require sponsorship for employment visa status (e.g. H-1B visa status)?** \*

| Select One ▽ |
| --- |

**What is your highest level of Education?** \*

| Select One ▽ |
| --- |

**Back**     Save and Continue

Follow Us

  

workday.

© 2025 Workday, Inc. All rights reserved.



Settings

Search for Jobs        Candidate Home        Job Alerts

← Back to Job Posting

## Sales Associate-8300 S Attleboro, MA 02703

My Information        My Experience        Application Questions 1 of 2        **Application Questions 2 of 2**        Review

# Application Questions 2 of 2

\* Indicates a required field

Are you at least 16 years old?

**Note: Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below.** \*

Select One ▽

Are you at least 18 years old?

**Note: Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below.** \*

Select One ▽

Are you available to work "ANY" shift? \*

Select One ▽

Are you willing to work an overnight shift? \*

Select One ▽

Date Filed 4/30/2025 10:35AM
Superior Court - Suffolk
Docket Number

**Please select the shifts that you are available to work.**

☐ Early Morning (4am-10am)

☐ Daytime (10am-5pm)

Back      **Save and Continue**

### Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

Date Filed 4/30/2025 11:03 AM
Superior Court - Suffolk
Docket Number



Settings  |

Search for Jobs        Candidate Home        Job Alerts

← Back to Job Posting

# Sales Associate-8300 S Attleboro, MA 02703

My Information — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

## Review

## My Information

**How Did You Hear About Us?**

▮▮▮▮▮▮

Are you currently or have you worked for Five Below in the past? If yes, please answer the following questions. If no, continue to the next section.

▮

### Legal Name

▮▮▮▮

I have a preferred name

▮

### Address

▮▮▮▮

▮▮▮▮▮

▮▮▮▮▮

### Email Address

▮▮▮▮▮▮

### Phone

▮▮▮▮▮

Back        Submit

My Experience

Work Experience

███████████

═══════════════════════════════

Resume/CV

███████████

─────────────────────────────

Websites

█████████████████
███████████

Social Network URLs

Would you like to share your LinkedIn page?

███████████

# Application Questions 1 of 2

Date Available for work: *

███████████

Do you have any relatives currently employed by our company? *



What is your desired Base Salary or Hourly Pay Rate? *

██████

Are you a U.S. citizen or a legal alien who is authorized to work in the United States? *



Will you now, or in the future, require sponsorship for employment visa status (e.g. H-1B visa status)? *

█████

What is your highest level of Education? *

███████████████

# Application Questions 2 of 2

Are you at least 16 years old?

**Note:** Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below. *



Are you at least 18 years old?

**Note:** Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below. *



Are you available to work "ANY" shift? *



Are you willing to work an overnight shift? *



Please select the shifts that you are available to work. *

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

# EXHIBIT 2



Search for Jobs        Candidate Home        Job Alerts



## Support Lead Part Time



**Apply**

◎ Saugus, MA 01906        🖼 Part time

                                           ⏰ Posted 30+ Days Ago

                                           📋 JR60334

At Five Below our growth is a result of the people who embrace our purpose: We know life is way better when you are free to Let Go & Have Fun in an amazing experience, filled with unlimited possibilities, priced so low, you can always say yes to the newest, coolest stuff! Just ask any of our over 20,000 associates who work at Five Below and they'll tell you there's no other place like it. It all starts with our purpose and then, The Five Below Way, which is our values and behaviors that each and every associate believes in.

It's all about culture at Five Below, making this a place that can inspire you as much as you inspire us with big ideas, super energy, passion, and the ability to make the workplace a WOWplace!

### RESPONSIBILITIES

- Ensures all crew members are Wowing the Customer through personal contact with customers. Trains the crew on the B.E.S.T. customer service experience; ensuring that each guest has a fast, friendly check out experience.
- Helps oversee the daily activities of all store associates, ensuring they are performing their duties effectively and providing excellent customer service.
- Assists with the receiving, unpacking, and organizing of new stock to ensure items are quickly and efficiently placed on the sales floor
- Acts as Manager on Duty when needed, taking full responsibility for store operations, staff management, customer service, and addressing any urgent issues.
- Manages the entire process of opening or closing the store, which includes securing cash, locking doors, setting alarms, and ensuring everything is in place for a smooth daily operation.
- Supports the onboarding and ongoing training of associates, helping them learn store policies, product knowledge, and operational procedures to improve their performance.

store sales and controls expenses. Actively seeks ways to boost sales by optimizing merchandising, staff performance, and customer service.

- Partners with the entire store leadership team in merchandising procedures and World Recovery.
- Performs store maintenance including but not limited to taking out garbage, sweeping, cleaning bathrooms, maintaining stock room

This job description is not all-inclusive. Additional responsibilities will be determined by the Store Manager, as dictated by store needs.

## QUALIFICATIONS

- High School Graduate or equivalent
- College experience preferred
- Minimum 1 years of management experience
- Excellent verbal and written communication skills
- Ability to multi-task
- Creative thinking
- Ability to maintain composure under pressure

## ESSENTIAL JOB FUNCTIONS

- Frequently operate cash register
- Frequently move merchandise weighing up to 25 lbs and places/removes merchandise up to a height of 5-10 feet
- Frequently ascend/descend ladders in order to retrieve and put away stock
- Frequently position self to kneel, bend, twist, and stoop, including in the stock room and on the sales floor
- Frequently communicate and exchange information with customers on the telephone and face-to-face in the store, as well as with managers and coworkers. Must be able to exchange accurate information in these situations
- Frequently move across the sales floor assisting customers, as well as to and from the stock room retrieving and putting away merchandise
- Ability to work a flexible schedule to meet the needs of the business, which will require day, evening, weekends and may include overnight shifts and travel (as required)
- Must be able to identify and discern email and print instructions regarding merchandise layouts, associate schedules, and standard operating procedures
- Must be able to remain in a stationary, upright position for 80% of the time

Explore our **benefits** site to discover all the perks and support we offer! From health coverage to financial and personal wellness, we've got you covered—check it out today! benefits.fivebelow.com/public/welcome

Five Below is an **Equal Opportunity Employer**. All qualified applicants will receive consideration for employment without regard to race, color, religion, sex, sexual orientation, age, national origin, disability, protected veteran status, gender identity or any other factor protected by applicable federal, state, or local laws.

Five Below is committed to working with and providing reasonable **accommodations for individuals with disabilities**. If you need a reasonable accommodation because of a disability for any part of the employment process, please submit a request and let us know the nature of your request and your contact information. crewservices.zendesk.com/hc/en-us/requests/new

Position Type:
Hourly

Date Filed 4/30/2025 1:03...
Superior Court - Suffolk
Docket Number

BE AWARE OF FRAUD: Please be aware of potentially fraudulent job postings or suspicious recruiter activity by persons that are posing as Five Below recruiters.  Please confirm that the person you are working with has an @fivebelow.com email address.  Additionally, Five Below does NOT request financial information or payments from candidates at any point during the hiring process.  If you suspect fraudulent activity, please visit Five Below's Career Site to verify the posting.  fivebelow.com/info/careers

**About Us**

Five Below is a leading high-growth value retailer offering trend-right, high-quality products loved by teens and pre-teens. We believe life is better when customers are free to "let go & have fun" in an amazing experience filled with unlimited possibilities. With most items priced between $1 and $5, and some extreme value items priced beyond $5, Five Below makes it easy to say YES! to the newest, coolest stuff across eight awesome Five Below worlds: Style, Room, Sports, Tech, Create, Party, Candy and New & Now. Founded in 2002 and headquartered in Philadelphia, Pennsylvania, Five Below today has over 1,750 stores in 44 states.

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

Date Filed 4/30/2025 1:06 PM
Superior Court - Suffolk
Docket Number

**five BELOW**

Search for Jobs        Candidate Home        Job Alerts

← Back to Job Posting

## Support Lead Part Time

Autofill with Resume — My Information — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

# Autofill with Resume

\* Indicates a required field

Make completing your job application easier by uploading your resume or CV.

Upload either DOC, DOCX, HTML, PDF, or TXT file types (5MB max)



**Drop file here**

or Select file

Continue

### Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.



Date Filed 4/30/2025 11:39 AM
Superior Court - Suffolk
Docket Number

Settings | 2

Search for Jobs      Candidate Home      Job Alerts

← Back to Job Posting

## Support Lead Part Time

Autofill with Resume — **My Information** — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

# My Information

* Indicates a required field

**How Did You Hear About Us?** *

| Select One ▽ |

Are you currently or have you worked for Five Below in the past? If yes, please answer the following questions. If no, continue to the next section. *

◯ Yes

◯ No

**Country** *

| United States of America ▽ |

## Legal Name
**First Name** *

| |

**Middle Name**

| |

**Last Name** *

| |

Back      Save and Continue

Select One

I have a preferred name

☐

## Address

Address Line 1 *

Address Line 2

City *

State *

Select One

Postal Code *

## Email Address

yxzwdjnpcsdfcajrbc@ytnhy.com

## Phone

Phone Device Type *

Select One

Country Phone Code *

✕  United States of America (+1)

Phone Number *

Mobile Phone Extension

### Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.



Search for Jobs        Candidate Home        Job Alerts

← Back to Job Posting

# Support Lead Part Time

Autofill with Resume — My Information — **My Experience** — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

# My Experience

\* Indicates a required field

## Work Experience

**Add**

## Resume/CV
Upload a file (5MB max)



**Drop files here**

or Select files

## Websites
Add any relevant websites.

**Add**

Back        Save and Continue

Date Filed 4/30/2025 1
Superior Court - Suffolk
Docket Number

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

five
BEL°W

Settings

Search for Jobs          Candidate Home          Job Alerts

← Back to Job Posting

## Support Lead Part Time

| Autofill with Resume | My Information | My Experience | **Application Questions 1 of 2** | Application Questions 2 of 2 | Review |

# Application Questions 1 of 2

\* Indicates a required field

**Date Available for work:** \*

MM/DD/YYYY 📅

**Do you have any relatives currently employed by our company?** \*

Select One ▽

What is your desired Base Salary or Hourly Pay Rate? \*

Are you a U.S. citizen or a legal alien who is authorized to work in the United States? \*

Select One ▽

Will you now, or in the future, require sponsorship for employment visa status (e.g. H-1B visa status)? \*

Select One ▽

What is your highest level of Education? \*

Select One ▽

Back          Save and Continue

Follow Us

  

workday

© 2025 Workday, Inc. All rights reserved.

Search for Jobs          Candidate Home          Job Alerts

← Back to Job Posting

## Support Lead Part Time

Autofill with Resume — My Information — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — Review

# Application Questions 2 of 2

\* Indicates a required field

Are you at least 16 years old?

**Note: Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below.** \*



| Select One ▽ |

Are you at least 18 years old?

**Note: Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below.** \*

| Select One ▽ |

Are you available to work "ANY" shift? \*

| Select One ▽ |

Are you willing to work an overnight shift? \*



| Select One ▽ |

Date Filed 4/30/2025 1...
Superior Court - Suffolk
Docket Number

Please select one that you are available to book.

☐ Early Morning (4am-10am)

☐ Daytime (10am-5pm)

Back   **Save and Continue**

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.



Search for Jobs     Candidate Home     Job Alerts

← Back to Job Posting

## Support Lead Part Time

Autofill with Resume — My Information — My Experience — Application Questions 1 of 2 — Application Questions 2 of 2 — **Review**

# Review

## My Information

How Did You Hear About Us?



Are you currently or have you worked for Five Below in the past? If yes, please answer the following questions. If no, continue to the next section.



### Legal Name

Are you currently or have you worked for Five Below in the past? If yes,

I have a preferred name



### Address



### Email Address

### Phone

Back     Submit

My Experience

## Work Experience

---

## Resume/CV

---

## Websites

Add any relevant websites.

## Social Network URLs

Would you like to share your LinkedIn page?

# Application Questions 1 of 2

**Date Available for work:** *

**Do you have any relatives currently employed by our company?** *

**What is your desired Base Salary or Hourly Pay Rate?** *

**Are you a U.S. citizen or a legal alien who is authorized to work in the United States?** *

**Will you now, or in the future, require sponsorship for employment visa status (e.g. H-1B visa status)?** *

**What is your highest level of Education?** *

# Application Questions 2 of 2

Are you at least 16 years old?

Note:  Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below. *



Are you at least 18 years old?

Note:  Five Below requires you to be at least 16 years old to work at any of our locations. Applicants between the ages of 16-18 are considered minors and must provide state required paperwork to work at Five Below. *



Are you available to work "ANY" shift? *



Are you willing to work an overnight shift? *



Please select the shifts that you are available to work. *

Follow Us

   

workday.

© 2025 Workday, Inc. All rights reserved.

Date Filed 4/30/2025 11:03 AM
Superior Court - Suffolk
Docket Number

| | CIVIL DOCKET NUMBER (Court Use Only) | **Massachusetts Trial Court** |
|---|---|---|
| **BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET** | 25 - 1163 | **Suffolk Superior Court Business Litigation Session** |



| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ANGELIMARLY RODRIGUEZ, individually and on behalf of all others similarly situated, | **FIVE BELOW, INC.** |
| ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BOARD OF BAR OVERSEERS (BBO) NUMBER | (IF KNOWN) ATTORNEY NAME, FIRM NAME, ADDRESS, PHONE NUMBER, EMAIL ADDRESS, BBO NUMBER |
| David S. Godkin (BBO#196530) James E. Kruzer (BBO#670827) Birnbaum & Godkin, LLP 1 Marina Park Drive, Suite 1410, Boston, MA 02210 Tel: 617-307-6100 godkin@birnbaumgodkin.com kruzer@birnbaumgodkin.com | |

CASE CATEGORY CODE AND CASE TYPE (SEE INSTRUCTIONS)

BLS Case Category Code: H-2 _____    Is this a jury case?: YES ☐  NO ☐

Case Type: Class Action, non-personal injury involving violation of MGL c. 149, § 19B(2) (Defendant's use of lie detector tests for job applicants without notice)

At the initial Rule 16 Conference, a Special Tracking Order will be created for this case.

Please provide a detailed statement of the facts and reasons why this case should be accepted into the Business Litigation Session, including the amount in controversy:

Massachusetts law  requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

Plaintiff seeks to represent a class defined as: "All persons who applied for a Massachusetts-based position of employment with Defendant." Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B.  The  aggregate claims of all members of the proposed class are in excess of $50,000, exclusive of interest and costs.

If applicable, please identify the case docket number, case name, and county in which there is any related case or cases pending in the Superior Court or any other court.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my client(s) with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various dispute resolution methods."

Signature of Attorney of Record: /s/ David S. Godkin _____    Date: 4/30/25

I HEREBY ATTEST AND CERTIFY ON
06/09/2025 _____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

## BUSINESS LITIGATION SESSION (BLS) CIVIL ACTION COVER SHEET INSTRUCTIONS

If you want to file a case in the Business Litigation Session (BLS), you must file a BLS Civil Action Cover Sheet (Cover Sheet) and a Complaint with the Suffolk County Civil Clerk's Office. On the Cover Sheet, you must state the reasons why you believe that the case should be accepted into the BLS, including the amount in controversy. If you do not fully and accurately complete the Cover Sheet, your case may be denied acceptance into the Business Litigation Session and transferred to another Superior Court Civil Session in Suffolk County. For more information, see Superior Court Administrative Directive 24-1 (Superior Court Business Litigation Sessions).

Cases that fall within any of the following categories will be considered for acceptance into the BLS in the sound discretion of the BLS Administrative Justice, based principally on the complexity of the case and the need for substantial case management.

Select one BLS Case Category Code that best describes your case and record it on the Cover Sheet:

BA1 (a.1)  claims relating to the governance and conduct of internal affairs of entities

A04 (a.2)  claims relating to employment agreements

BA3 (a.3)  claims relating to liability of shareholders, directors, officers, partners, etc.

BB1 (b.1)  shareholder derivative claims

BB2 (b.2)  claims relating to or arising out of securities transactions

BC1 (c.1)  claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

BD1 (d.1)  claims to determine the use or status of, or claims involving, intellectual property

BD2 (d.2)  claims to determine the use or status of, or claims involving, confidential, proprietary or
trade secret information

D11 (d.3)  claims to determine the use or status of, or claims involving, restrictive covenants

BE1 (e.1)  claims involving breaches of contract or fiduciary duties, fraud, misrepresentation, business
torts or other violations involving business relationships

A99 (f.1)  claims under the U.C.C. involving complex issues

BG1 (g.1)  claims arising from transactions with banks, investment bankers and financial advisers,
brokerage firms, mutual and money funds

BH1 (h.1)  claims for violation of antitrust or other trade regulation laws, including class actions

BH1 (h.2)  claims of unfair trade practices involving complex issues, including class actions that do
not involve personal injury

B07 (i.1)  professional malpractice claims other than claims for personal injury or death

A99 (j.1)  claims by or against a business enterprise to which a government entity is a party

A99 (k.1)  other claims involving complex issues or that require close case management, including
but not limited to insurance coverage or reinsurance, construction, commercial lease
disputes, real estate and consumer matters.

**Example:** BLS Case Category Code:  BE1 (e.1)    Case Type:  breach of contract

**Plaintiff's Duty:** On the Cover Sheet, the plaintiff, or plaintiff's counsel, shall provide a detailed statement of the facts and reasons why this case should be accepted into the BLS. A copy of the completed Cover Sheet shall be served on all defendants, along with the Complaint and Summons.

**Defendant's Duty:** If a defendant contests entry into the BLS, the defendant shall file with the Answer (or dispositive motion), a Statement specifying why the action does not belong in the BLS. The Statement shall be served with the Answer (or dispositive motion).

3

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2584CV01163-BLS1**

Notice Sent
5/1/25
S.12.

Case:   Rodriguez v. Five Below, Inc.

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project).  Counsel may indicate their respective client's participation by completing, filing, and serving the attached form.  If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

For practice tips from the BLS Judges, please refer to the BLS Bench Notes (available online at:  www.mass.gov/guide/business-litigation-session-bls-bench-notes).

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated:  April 30, 2025

I HEREBY ATTEST AND CERTIFY ON
06/09/2025        , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
   John E. Powers, III
      Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

/s/ Kenneth W. Salinger

_____
Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____


As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference.  Counsel should be prepared to discuss the project with the Court at the initial case management conference.  For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

____ (Check) **Yes,**_____ is willing to participate in the Discovery Project.
                        (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____         Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

| | | |
|---|---|---|
| Assistant Clerk - BLS1 | **OR** | Assistant Clerk - BLS2 |
| BLS1, Room 1015 | | BLS2, Room 1017 |
| 3 Pemberton Square | | 3 Pemberton Square |
| Boston, MA 02108 | | Boston, MA 02108 |



## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT**
**Civil No. 25-1163-BLS1**

Notice sent (2)
5/08/2025
(sc)

**ANGELIMARLY RODRIGUEZ**
**Plaintiff**

**vs.**

**FIVE BELOW, INC.**
**Defendant**

### SCHEDULING ORDER

This case presents issues also presented in nine other cases pending before this court. Attached as Exhibit A is a Scheduling Order that I issued today in those nine other cases. The attached Scheduling Order shall apply to this case as well. Defendant Five Below, Inc. shall be treated in the same manner as the defendants in the Five Newest Cases, as defined in the attached Order.

Plaintiff shall provide the defendant with notice of this schedule by serving a copy of this Scheduling Order, with the attachment, on the defendant or its counsel promptly.

Dated: April 30, 2025

_____
Peter B. Krupp
Justice of the Superior Court

I HEREBY ATTEST AND CERTIFY ON
06/04/2025, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**                                                    **SUPERIOR COURT**

**Paulo** v. **Starbucks Corporation, Civil No. 25-389-BLS1**

**Cavanaugh** v. **Market Basket, Inc., Civil No. 25-454-BLS1**

**Korn** v. **Procter & Gamble Company, Civil No. 25-480-BLS1**

**Brady** v. **United Parcel Service, Inc., Civil No. 25-523-BLS1**

**Forbes** v. **Macy's, Inc., Civil No. 25-749-BLS1**

**Ababio** v. **Nike, Inc., Civil No. 25-1134-BLS1**

**Blackwell** v. **Restaurant Depot, LLC, Civil No. 25-1136-BLS1**

**Shi** v. **Bloomingdales, LLC, Civil No. 25-1138-BLS1**

**St. Cyr** v. **JPMorgan Chase & Co., No. 25-1139-BLS1**

### SCHEDULING ORDER

The above-captioned class actions present common issues arising out of each defendant's alleged violation of G.L. c. 149, § 19B.[1] After a Rule 16 conference in the above-referenced Paulo, Cavanaugh, Korn, and Brady cases this date, it is hereby ORDERED as follows:

To establish an orderly process for handling these matters, all nine of the above-referenced cases are stayed (except for service of the cases that have not yet been served) until June 27, 2025, to give the parties an opportunity to resolve the cases through mediation or otherwise.[2] If any of these cases are not resolved, defendants shall respond to the complaint by

---

[1]        Several related cases are pending in BLS2.

[2]        At least two cases presenting similar issues appear from the docket to have been resolved by settlement without the need for judicial review of a class settlement. See Korn v. Staples, Inc., Civil No. 24-2303-BLS1 (stipulation of dismissal filed 2/21/25); Forbes v. RTX Corporation, Civil No. 24-2013-BLS2 (case reported settled and nisi order entered 4/23/25, just prior to scheduled Rule 12 hearing).

July 31, 2025. If a motion to dismiss is to be served by the response date, the parties shall confer in advance and cooperate in presenting a single consolidated motion in these related cases to the extent that the motion presents issues common to the defendants. The combined documents related to any motion(s) to dismiss shall be filed by September 12, 2025, in compliance with Superior Court Rule 9A.

Each of the above-referenced cases shall be put on for hearing on September 30, 2025, at 2 p.m. At the hearing on September 30, 2025, the court will hear any motion to dismiss filed in any of these cases and will set further dates as necessary.

Plaintiff shall provide the defendants in the above-referenced Forbes, Ababio, Blackwell, Shi, and St. Cyr cases (together, "the Five Newest Cases") with notice of this schedule by serving a copy of this Scheduling Order on the defendants or their counsel promptly. If any defendant in the Five Newest Cases seeks a modification of this schedule, they may do so by motion for good cause.

Dated: April 30, 2025

Peter B. Krupp
Justice of the Superior Court

| SR | **Summons** | | CIVIL DOCKET NO. 2584CV01163-BLS1 | **Trial Court of Massachusetts** **The Superior Court** | 5 |
|---|---|---|---|---|---|

| CASE NAME: Angelimarly Rodriguez, individually and on behalf of all others similarly situated. Plaintiff(s) vs. Five Below, Inc. Defendant(s) | John E. Powers III              Clerk of Courts Suffolk                          County COURT NAME & ADDRESS: **Suffolk Superior Civil Court** **Three Pemberton Square** **Boston, MA. 02108** |
|---|---|

THIS SUMMONS IS DIRECTED TO  Five Below, Inc. c/o Corporation Service Company  (Defendant's name)
84 State Street
Boston, MA 02109

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Suffolk Superior  Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior  Court 3 Pemberton Square, Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address: Birnbaum & Godkin, LLP  1 Marina Park Drive, Suite 1410  Boston, MA 02210

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Date Filed 5/23/2025 10:53 AM
Superior Court - Suffolk
Docket Number 2584CV01163

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti _____, Chief Justice on _____ , 20 ___ . (Seal)

Acting Clerk

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _May 16, 2025_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_Please see attached_

Dated: _May 16, 2025_                    Signature: _Sam Burns_

N.B.  TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

I HEREBY ATTEST AND CERTIFY ON
_01/09/2023_ , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
    John E. Powers, III
      Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
        Asst. Clerk

Date Filed 5/23/2025 10:53 AM
Superior Court - Suffolk
Docket Number 2584CV01163

## 0RETURN OF SERVICE

**Defendant: Five Below, Inc., c/o Corporation Service Company**

**Docket No. 2584CV01163-BLS1**

I hereby certify and return that on **May 16, 2025,** I served a copy of the within **Summons, Class Action Complaint Jury Trial Demanded complete with Exhibit 1 & 2, Business Litigation Session (BLS) Civil Action Cover Sheet and Notice of Acceptance into Business Litigation Session** upon the within named Defendant in the above entitled action in the following manner:

By handing true and attested copies thereof to **Jim Devincenzo, service of process clerk for Corporation Service Company, Registered Agent, In Hand.** Said service was made at # 84 State Street, Boston, MA 02109.

Dated: **May 16, 2025**

**Samuel Desrosiers, Constable**
**City of Boston**

# COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT**

| |
|---|
| Angelimarly Rodriguez, individually and on behalf of herself and all others similarly situated, |
| Plaintiff, |
| v. |
| Five Below, Inc., |
| Defendant. |

CASE NO. 2584CV01163-BLS1

USDist#25-cv-11637

## NOTICE OF FILING OF NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453,

Defendant Five Below, Inc. ("Five Below") filed with the Clerk of the United States District Court

for the District of Massachusetts, Eastern Division, a Notice of Removal, a copy of which is

attached to and filed with this document as Exhibit A, and that this action is hereby removed to

the United States District Court for the Massachusetts, Eastern Division, as of June 5, 2025. The

Court is respectfully requested to proceed with no further action in this case.

I HEREBY ATTEST AND CERTIFY ON
06/09/2025 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
John E. Powers, III
Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

Date Filed 6/5/2025 6:10 PM
Superior Court - Suffolk
Docket Number 2584CV01163

Dated: June 5, 2025

Respectfully submitted,

**FIVE BELOW, INC.**

/s/ *Keri L. Engelman*
Keri L. Engelman, BBO #704360
keri.engleman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
Tel: +1.617.341.7700
Fax: +1.617.341.7701

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, I filed the foregoing document with the Clerk of

the Court via the electronic filing system, which will send notice of the filing to:

David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
**BIRNBAUM & GODKIN, LLP**
1 Marina Park Drive, Suite 1410
Boston, MA 02210
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

Joseph I. Marchese
Matthew A. Girardi
Julian C. Diamond
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
jmarchese@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

*Attorneys for Plaintiff*

*/s/ Keri L. Engelman*
Keri L. Engelman

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Angelimarly Rodriguez, individually and on behalf of all others similarly situated, | : : : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : : | |
| v. | : : | |
| Five Below, Inc., | : : | |
| Defendant. | : : : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Five Below, Inc. ("Five Below") hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts, Eastern Division. This Court has original subject matter jurisdiction over the lawsuit of Plaintiff Angelimarly Rodriguez ("Plaintiff") under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a putative class action, diversity of citizenship exists between one or more members of the putative class and Five Below, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate. *See* 28 U.S.C. §§ 1332(d), 1453.

### I.    FACTUAL BACKGROUND

1.    On April 30, 2025, Plaintiff commenced this action against Five Below by filing a Complaint in the Suffolk County Superior Court for the Commonwealth of Massachusetts, captioned *Angelimarly Rodriguez, individually and on behalf of all others similarly situated v. Five Below, Inc.*, No. 2584-CV-01163 (the "State Court Action"). A true and correct copy of the Complaint ("Compl.") together with all documents filed with the Suffolk Superior Court in the

Date Filed 6/5/2025 6:10 PM
Superior Court - Suffolk
Docket Number 2584CV01163

state court action is attached as Exhibit A.

2.      Five Below's registered agent received a copy of the Summons and Complaint on

May 16, 2025. *See* Exhibit A. Plaintiff filed a Return of Service attesting the same on May 23,

2024. *See* Exhibit A. As of the date of this filing, Five Below has not received notice of having

been served with any other process, pleadings, or orders in the State Court Action.

3.      On behalf of herself and the purported class, Five Below alleges that Mass. Gen.

Laws ch. 149, § 19B(2)(b) requires that job applications within the Commonwealth contain certain

language regarding "applicants' and employees' rights concerning lie detector tests." Compl. at ¶

1. Plaintiff seeks to represent a purported class of "[a]ll persons who applied for a Massachusetts-

based position of employment with Defendant (the 'Class')." *Id.* ¶ 17.

4.      Plaintiff alleges that she "applied to work as a Seasonal Sales Associate at [Five

Below's] store in Leominster, Massachusetts," and the job application did not provide the "notice

of her rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, §

19B(2)(b)." *Id.* ¶ 6.

5.      Plaintiff's Complaint does not allege a specific amount of alleged damages sought

on behalf of Plaintiff or the putative class. Plaintiff instead alleges, on behalf of herself and the

putative class purportedly to be "in the thousands," that "minimum statutory damages" should be

awarded in the amount of $500 "per violation." *Id.* ¶¶ 3, 18. In addition to claimed "minimum

statutory damages," Plaintiff also seeks to recover compensatory and punitive damages,

prejudgment interest, reasonable attorneys' fees and costs, and "all other forms of equitable

monetary relief." *Id.* at "Relief Demanded" subsections d through f.

6.      Plaintiff's Complaint is plead as a putative class action under Massachusetts Civil

Procedure Rule 23. Therefore, for the purposes of this Notice of Removal, this matter is a class

action as that term is defined under 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

## II.   THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005.

7.    The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

8.    This Court has jurisdiction over this matter pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. Under CAFA, District Courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," (28 U.S.C. § 1332(d)(2)(A)); (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100 (28 U.S.C. § 1332(d)(5)(B)); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" (28 U.S.C. § 1332(d)(2)). All CAFA requirements are satisfied here. Further, no exception to the exercise of federal jurisdiction applies. *See, e.g.*, U.S.C. § 1332(d)(4)(A)-(B). Removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.   Diversity of Citizenship Exists.

9.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *Lenahan v. Dick's Sporting Goods, Inc.*, 2010 WL 5092254, at *1 (D. Mass. Dec. 8, 2010).

10.    Plaintiff Angelimarly Rodriguez is a citizen of the Commonwealth of Massachusetts, residing in Townsend, Massachusetts. Compl. ¶ 6.

---

[1] Five Below does not concede, and specifically disputes, Plaintiff's contention that this lawsuit may properly proceed as a class action.

3

11.    Defendant Five Below is a Pennsylvania corporation, with its principal place of business in Philadelphia, Pennsylvania.  Compl. ¶ 7. As a result, Five Below is a citizen of the Commonwealth of Pennsylvania within the meaning of the Acts of Congress relating to the removal of class actions, *see McCarthy v. Bank of N.Y./Mellon,* No. 10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010), and for diversity purposes under CAFA. *See* 28 U.S.C. § 1332(d)(10).

12.    Accordingly, there is diversity of citizenship pursuant to CAFA because a member of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**B.    The Proposed Class Consists of At Least 100 Proposed Class Members.**

13.    The second jurisdictional requirement under CAFA is that the number of members of all proposed plaintiff classes in the aggregate is more than 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

14.    The Complaint alleges claims on behalf of Plaintiff and a putative class of similarly situated individuals in Massachusetts. Compl. ¶ 17. Plaintiff alleges "members of the Class number in the thousands." *Id.* at ¶ 18

15.    As such, the putative class set forth in Plaintiff's Complaint exceeds 100, and the second jurisdictional requirement under CAFA is met.  *See* 28 U.S.C. § 1332(d)(5)(B).

**C.    The Amount In Controversy Requirement Is Satisfied**

16.    Pursuant to CAFA, the claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).[2]

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Five Below's reference to specific damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Five Below maintains that each of Plaintiff's claims is without merit

4

17.     As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

18.     Additionally, Congress intended for federal jurisdiction to attach under CAFA "if the value of the matter in litigation exceeds $5,000,000 either *from the viewpoint of the plaintiff* or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005) (emphasis added).

19.     Where, as here, the plaintiff does not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5,000,000. *See Sierra v. Progressive Direct Ins. Co.*, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012). Plaintiff's likelihood of success on the merits is irrelevant to determining the court's jurisdiction because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009) (quoting *Amoche*, 556 F.3d at 51). Because "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923, at *2 (internal citations omitted). In determining whether the removing defendant has met its burden, courts look first to the plaintiff's complaint

---

and that Five Below is not liable to Plaintiff or the putative class she claims to represent. Five Below specifically denies that Plaintiff's theory of damages of damages is correct, that Plaintiff or any member of the putative class is entitled to statutory or any other damages as a result of any act or omission by Five Below. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

and then to the defendant's petition for removal. *See Williams v. Am. Honda Fin. Corp.*, No. 14-12859-LTS, 2014 WL 5494914, at *3 (D. Mass. Oct. 30, 2014).

20.    CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *43 (1st Sess. 2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

21.    While Five Below denies Plaintiff's factual allegations and denies that Plaintiff or any member of the putative class she purports to represent are entitled to the relief sought in the Complaint, Five Below—based on the allegations in Plaintiff's Complaint—has established herein a "reasonable probability" that the amount in controversy of the putative class as alleged in the Complaint exceeds $5,000,000.

### 1.    *Calculation of Plaintiff's Alleged Damages*

22.    Plaintiff's Complaint does not define the class period, but the statute of limitations for Plaintiff's claims stemming from the alleged violation is three years. *See* Mass. Gen. Laws ch. 149, § 19B(4). Because Plaintiff filed the Complaint on April 30, 2025, the purported class period for establishing jurisdiction under CAFA would be April 30, 2022 through the date of judgment (the "Putative Class Period").

23.    Although the Complaint does not articulate Plaintiff's damages theory, it is apparent that Plaintiff seeks "minimum statutory damages" of $500 per the number of applications "filled out" and submitted to Five Below during the Putative Class Period. *See, e.g.*, Compl. ¶¶ 3, 15, 20, 28, 29. Of behalf of the purported class, Plaintiff  also seeks punitive and compensatory

6

damages in an undetermined amount.[3]

24.    During the Putative Class Period, there were over 10,000 job applications submitted for Massachusetts-based positions at Five Below. *See* Exhibit B (Declaration of Stephanie Jakubik) at ¶ 3. Based on Plaintiff's claimed entitlement to "statutory damages" alone, the total amount placed in controversy by Plaintiff's claims on behalf of the putative class exceeds $5,000,000 as required for removal under CAFA.

### E.    No Exceptions to CAFA Jurisdiction Apply.

25.    CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions. *See* 28 U.S.C. § 1332(d)(3)(A)-(B). Plaintiff bears the burden of proof as to the applicability of these exceptions. *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 165 (D. Mass. 2007); *cf.* S. Rep. No. 109-14, *as reprinted in* 2005 WL 627977, at *42 (1st Sess. 2005) (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter"). Plaintiff cannot meet her burden of proving that either exception applies because Five Below is not a citizen of Massachusetts. *See supra* at 3-4.

## III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

26.    Five Below's removal of this action is timely because this Notice of Removal is being filed within 30 days of service, as prescribed by 28 U.S.C. § 1446(b)(2)(B); *see Murphy Bros v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999) ("service of the summons and complaint" triggers removal deadline).

---

[3] Five Below denies that this theory of damages is legally viable, and specifically denies that the putative class is entitled to statutory damages of $500. By referencing Plaintiff's purported claim to damages for purposes of removal, Five Below does not concede the validity of such claims and expressly reserves all rights, including the right to challenge Plaintiff's alleged damages at the appropriate stage of litigation.

Date Filed 6/5/2025 6:10 PM
Superior Court - Suffolk
Docket Number 2584CV01163
Case 1:25-cv-11637-AK     Document 12     Filed 06/17/25     Page 66 of 67
Case 1:25-cv-11637     Document 1     Filed 06/05/25     Page 8 of 9

27.     As Plaintiff originally filed this action in the Suffolk County Superior Court of Massachusetts, removal to the United States District Court, District of Massachusetts, is proper under 28 U.S.C. § 1441(a).

28.     As required by 28 U.S.C. § 1446(d), Five Below will provide notice of this removal to Plaintiff through her attorneys of record.

29.     As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Court for the Suffolk County Superior Court of Massachusetts.

30.     If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

**WHEREFORE**, Defendant Five Below, Inc. desiring to remove this case to the United States District Court for the District of Massachusetts, Eastern Division, prays that the filing of this Notice of Removal shall affect the removal of this action to this Court.

Dated: June 5, 2025

Respectfully submitted,

**FIVE BELOW, INC.**

*/s/ Keri L. Engelman*
Keri L. Engelman, BBO #704360
Anna K. Perocchi, BBO #714730
keri.engleman@morganlewis.com
anna.perocchi@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
Tel: +1.617.341.7700
Fax: +1.617.341.7701

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, the foregoing Notice of Removal, including the

attached exhibits, was filed via the ECF filing system and served by email on the following:

David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
**BIRNBAUM & GODKIN, LLP**
1 Marina Park Drive, Suite 1410
Boston, MA 02210
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

Joseph I. Marchese
Matthew A. Girardi
Julian C. Diamond
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
jmarchese@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

*Attorneys for Plaintiff*

*/s/ Keri L. Engelman*
Keri L. Engelman