**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ANGELIMARLY RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-CV-11637-AK |
| FIVE BELOW, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**
**ON MOTION TO DISMISS**

**ANGEL KELLEY, D.J.**

Plaintiff Angelimarly Rodriguez brings this class action lawsuit against Five Below, Inc. ("Defendant") claiming that Five Below violated Massachusetts General Law ("M.G.L.") chapter 149 section 19B(2)(b).  Before the Court is Defendant's Motion to Dismiss arguing that Plaintiff does not have statutory standing to bring the suit because she is not a "person aggrieved" and there is no private right of action to enforce Section 19B(2)(b).  For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

I.    **BACKGROUND**

Unless otherwise noted, the following facts are taken from Plaintiff's Amended Complaint [Dkt. 13] and accepted as true for the purposes of this motion.  Around October 2022, Plaintiff applied to work as a Seasonal Sales Associate at Defendant's store in Leominster, Massachusetts.  The job application did not provide Plaintiff with a notice informing her that it is unlawful in Massachusetts to require or administer a lie detector test as a condition of

1

employment.  Plaintiff completed the job application and applied to work at Defendant's store. The Complaint does not allege that Plaintiff was subjected to a lie-detector test or provide any additional details regarding Plaintiff's job application.

On April 30, 2025, Plaintiff commenced this action against Defendant by filing a Complaint in the Suffolk County Superior Court for the Commonwealth of Massachusetts. [Dkt. 1].  Defendant removed the suit to federal court pursuant to the Class Action Fairness Act. Id.; see 28 U.S.C. §§ 1332(d), 1453.  On June 26, 2025, Plaintiff filed an Amended Complaint alleging that Defendant violated Section 19B(2)(b) by failing to warn her that it is unlawful for a prospective employer to require or administer a lie detector test as a condition of employment. [Dkt. 13].  On July 24, 2025, Defendant filed the instant Motion to Dismiss the Amended Complaint. [Dkt. 17, 18].  In its Motion to Dismiss, Defendant argues that Plaintiff lacks statutory standing because she is not a "person aggrieved" under Section 19B(4) and Section 19B(4) does not contain a private right of action to challenge violations of Section 19B(2)(b). Although Plaintiff has a cause of action to enforce Section 19B(2)(b), the Court agrees with Defendant that Plaintiff is not a "person aggrieved" under Section 19B(4).

II.    LEGAL STANDARD

Challenges to a plaintiff's statutory standing are assessed under Federal Rule of Civil Procedure 12(b)(6) standards because statutory standing goes to the merits of the claim. Foisie v. Worcester Polytechnic Inst., 967 F.3d 27, 44 (1st Cir. 2020).  Under Rule 12(b)(6), courts undertake a context-specific, two-step inquiry where they (1) separate factual allegations from conclusory legal statements, accepting the former as true and disregarding the latter, then (2) determine whether the well-pleaded facts permit a reasonable inference that the defendant is liable for the misconduct alleged. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir.

2

2013).  Thus, a plaintiff lacks statutory standing when the complaint fails to plausibly allege that they have statutory standing. <u>Vander Luitgaren v. Sun Life Assur. Co. of Can.</u>, 765 F.3d 59, 62 (1st Cir. 2014).

A plaintiff has statutory standing when they fall "within the class of plaintiffs whom Congress has authorized to sue." <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 572 U.S. 118, 128 (2014).  This analysis is a matter of "statutory interpretation" that asks, "whether Congress has accorded *this* injured plaintiff the right to sue the defendant [under the particular statute] to redress his injury." <u>Vander Luitgaren</u>, 765 F.3d at 62.

## III.    DISCUSSION

As with all matters of statutory interpretation, the Court begins with the text of the statute. Section 19B provides in relevant part:

> (2) It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, . . . to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder . . .
>> (a) The fact that such lie detector test was to be, or was, administered outside the commonwealth for employment within the commonwealth shall not be a valid defense to an action brought under the provisions of subsection (3) or (4).
>> (b) All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."
> (3) Any person who violates any provision of this section shall be punished by a fine of not more than one thousand dollars nor less than three hundred dollars. Second and subsequent violations of any provision of this section shall be punishable by a fine of not more than fifteen hundred dollars or by imprisonment for not more than ninety days, or both such fine and imprisonment.
> (4) Any person aggrieved by a violation of subsection (2) may institute within three years of such violation and prosecute in his own name and on his own behalf, or for himself and for other similarly situated, a civil action for injunctive relief and any damages thereby incurred . . . .

3

Defendant alleges that this statute does not provide a private right of action to enforce Section 19B(2)(b) and that Plaintiff is not a "person aggrieved" under Section 19B(4).  The Court will take each argument in turn.

### A.      Cause of Action to Enforce Section 19B(2)(b)

Plaintiff argues that Section 19B(4) private right of action to enforce "a violation of subsection (2)" encompasses lawsuits to enforce Section 19B(2)(b).  Defendant argues that Section 19B(4) only permits a private right of action under Section 19B(2), which prohibits the use of a lie detector test, but not Subsection 19B(2)(b), which contains the notice requirement.

The most straightforward reading of Section 19B(4) is that it permits a cause of action for all "violation[s] of subsection(2)," including Subsection 19B(2)(b). M.G.L. c. 147 § 19B(4). See Ababio v. Nike Retail Servs. Inc., No. 2584-CV-01134-BLS-1, at *6-7 (Mass. Sup. Ct. Suffolk Cnty. Nov. 25, 2025) [Dkt. 25-1 at 7-8] (slip op.) ("Subsection 4's reference to subsection 2 necessarily includes *all* of subsection 2."); Landolfi v. Abercrombie & Fitch Co., No, 2584-CV-01158-BLS-2, at *3 (Mass. Super. Ct. Suffolk Cnty. Feb 5, 2026) [Dkt. 32-1 at 4] (slip op.) ("The most natural reading of the reference to 'subsection (2)' . . . is that it encompasses the entire subsection, including not only the first paragraph but also the notice provision."); Forbes v. AT&T Mobility Servs. LLC, No. 2584-cv-00611-BLS-2, at *6-7 (Mass. Super. Ct. Suffolk Cnty. Feb. 5, 2026) [Dkt. 32-2 at 7-8] (slip op.) (same).

Defendant argues that, read in conjunction with Section 19B(3), Section 19B(4) only permits a private right of action for violations of Section 19B(2) and not its subsections.  Section 19B(3) permits fines and criminal punishment against any "person who violates any provision of this section."  Whereas, Section 19B(4) permits private rights of action for violations of "subsection (c)."  By Defendant's logic, because Section 19B(3) and 19B(4) use differing

language, they must permit suits under different sections of Section 19B.  As only Sections 19B(2) and (2)(b) prohibit conduct, Defendant argues Section 19B(4) must permit suits under Section 19B(2) but not 19B(2)(b).  Although another court has followed this logic, see Auguste v. G4S Secure Solutions (USA), Inc., No. SUCV14-3311-BLS-1 (Mass. Super. Ct. Suffolk Cnty. Apr. 25, 2016) [Dkt. 18-1] (slip op.), this Court does not find anything "inherently ambiguous, absurd, or nonsensical about subsections (3) and (4) providing criminal and civil remedies for the same scope of conduct, but using different words to refer to the prohibited conduct under the statute, where the meaning of those words is straightforward," Ababio, No. 2584-CV-01134-BLS-1, at *7 [Dkt. 25-1 at 8].  Accordingly, Plaintiff has a private right of action under Section 19B(4) to enforce Section 19B(2)(b).

**B.      "Person Aggrieved" Under Section 19B(4)**

Plaintiff argues that she is a "person aggrieved" under Section 19B(4) because Defendant did not provide the warning required under Section 19B(2)(b).  Defendant counters that Plaintiff is not a "person aggrieved" because she did not experience a "substantial injury" associated with the lack of notice.

Section 19B does not define "person aggrieved."  When courts are faced with undefined terms in a statute, they routinely look to interpretations of that term used in other statutes to decipher the term's meaning. See Ginther v. Comm'r of Ins., 693 N.E.2d 153, 157 (Mass. 1998) (looking to court's interpretation of "person aggrieved" in employment discrimination, administrative appeals, and zoning appeals, to interpret "person aggrieved" in M.G.L. c. 175 § 206D(f)(1)).  In Ababio, a Massachusetts Superior Court thoroughly surveyed the interpretation of "person aggrieved" in Massachusetts law. Ababio, No. 2584-CV-01134-BLS-1, at *7-11 [Dkt. 25-1 at 8-12].  The Ababio Court held that a "person aggrieved" must suffer some infringement

5

of their legal rights; the asserted right or interest must be one the statute is designed to protect; and the harm alleged must be caused by the statutory violation, must be more than minimal or slightly appreciable, and must not be speculative. Id. at 11 [Dkt. 25-1 at 12].

The Court agrees with the Ababio Court's analysis and joins all courts that have addressed the issue in holding that a "person aggrieved" under Section 19B(4) must demonstrate more than an infringement of their right to receive notice. See Whitney v. Hertz Corp., No. 2584-cv-01165-BLS-2, at *2 (Mass. Sup. Ct. Suffolk Cnty. Dec. 1, 2025) [Dkt. 28-1 at 3] (slip op.) ("[P]laintiffs, who had not been provided the statutorily required notice, but were not subject to a lie detector test, could not establish a 'nonspeculative harm that is more than minimal or slightly appreciable' and thus were not 'persons aggrieved' with standing to sue."); Auguste, No. SUCV14-3311-BLS-1, at *14 [Dkt. 18-1 at 15] ("A person who neither takes nor refused to submit to a lie detector test, because such a test is simply not a part of a job application process, cannot logically be aggrieved because the application did not alert him to the unlawfulness of a test that the prospective employer does not use."); Landolfi, No, 2584-CV-01158-BLS-2, at *5 [Dkt. 32-1 at 6]; Forbes, No. 2584-cv-00611-BLS-2, at *7 [Dkt. 32-2 at 8].  Here, Plaintiff has not alleged any harm other than a bare violation of the notice provision.  Accordingly, she is not a "person aggrieved" and does not have statutory standing to bring the case.

Plaintiff's reliance on Kenn v. Eascare, LLC, 226 N.E.3d 318 (Mass. App. Ct. 2024), is unavailing.  Kenn involved interpretation of the Fair Credit Reporting Act ("FCRA"), which specifically authorizes a civil cause of action "'to enforce any liability created' under FCRA." Id. at 323 (quoting 15 U.S.C. § 1681p).  Although the FCRA has a disclosure requirement like Section 19B(2), it contains a broader private right of action. Id. at 325 ("[A]ny person who willfully fails to comply with any requirement imposed under this title with respect to any

consumer is liable to that consumer."). <u>Kenn</u> says nothing about whether the Plaintiff here is a "person aggrieved" as that phrase has been consistently construed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. 17] is **GRANTED**.

**SO ORDERED.**

Dated: March 16, 2026                                          /s/ Angel Kelley
                                                                              Hon. Angel Kelley
                                                                              United States District Judge

7